UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| In re: | Case No. 03-32063 |
| TERRY MANUFACTURING COMPANY, INC. | Chapter 7 |
| Debtor. | |
| In re: | Case No. 03-32213 |
| TERRY UNIFORM COMPANY, LLC, | Chapter 7 |
| Debtor. | |
| J. LESTER ALEXANDER III, TRUSTEE OF TERRY MANUFACTURING COMPANY, INC. AND TERRY UNIFORM COMPANY, LLC | |
| Plaintiff, | Adv. Pro. No. 04-3072-WRS |
| v. | |
| BONIFAY MANUFACTURING, INC., | |
| Defendant. | |

**MEMORANDUM DECISION**

This Adversary Proceeding is before the Court upon the summary judgment motion of the Plaintiff and Trustee of Terry Manufacturing Company, Inc. ("Terry Manufacturing") and Terry Uniform Company, LLC ("Terry Uniform"), J. Lester

Alexander, III, ("Trustee")[1]. The Court has considered the briefs and memoranda submitted by both parties. (Docs. 1, 5, 9, 16, 18, 24). For the reasons set forth below, the summary judgment motion of the Trustee is DENIED.

Summary judgment is proper only when there is no genuine issue of any material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56, made applicable to Adversary Proceedings pursuant to Fed. R. Bank. P. 7056; Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2553, 91 L.Ed. 2d 265 (1986); Jones v. City of Columbus, 120 F.3d 248, 251 (11th Cir. 1997). Federal Rule of Civil Procedure 56(c) states the following:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c). The facts must be viewed in a light most favorable to the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 91 LED. 2d 202 (1986); Hail v. Regency Terrace Owners Association, 782 So.2d 1271, 1273 (Ala. 2000). To avoid an adverse ruling on a motion for summary judgment, "the nonmoving party must provide more than a mere scintilla of evidence." See Loyd v. Ram Industries, Inc., 64 F.Supp.2d 1235, 1237 (S.D. Ala. 1999) (quoting Combs v. Plantation Patterns, 106 F.3d 1519, 1526 (11th Cir. 1997).

The Trustee has initiated this Adversary Proceeding in an attempt to recover seven payments that were made by Terry Manufacturing to Bonifay Manufacturing, Inc.

---

[1] Terry Manufacturing filed a voluntary Chapter 11 petition in this Court on July 7, 2003. (Case No. 03-32063, Doc. 1). Terry Uniform filed a voluntary Chapter 11 petition on July 22, 2003. (Case. No. 03-32213, Doc. 1).

2
Case 04-03072    Doc 26    Filed 01/31/05    Entered 01/31/05 15:37:41    Desc Main
Document    Page 2 of 4

("Bonifay"). The payments in question occurred approximately on the following dates and in the following amounts:

$22, 758.00 on April 9, 2003;

$22, 689.54 on April 29, 2003;

$20, 211.70 on May 6, 2003;

$10,714.92 on May 9,2003;

$21,007.69 on May 15, 2003;

$10,543.99 on May 30, 2003;

$20,000.00 on June 9, 2003.

The Trustee is alleging that these payments, totaling $107,713.15 are avoidable preferential transfers pursuant to 11 U.S.C § 547(b). Section 547(b) reads as follows:

> (b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property-
> (1) to or for the benefit of a creditor;
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
> (3) made while the debtor was insolvent;
> (4) made-
> (A) on or within 90 days before the date of the filing of the petition; or
> (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
> (5) that enables such creditor to receive more than such creditor would receive if-
> (A) the case were a case under chapter 7 of this title;
> (B) the transfer had not been made; and
> (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b).

The Court finds that there are various disputed facts with respect to this preference action initiated by the Trustee. First, in its Amended Answer, Bonifay asserts that the payment on May 6, 2003 in the amount of $20,211.70, was actually received and deposited by Darwood Manufacturing, Inc. (Doc. 16). Also, Bonifay contends that the payment of $22,758.00 was made outside the requisite ninety (90) day preference period, as it alleges that the payment was received by Bonifay on April 3, 2003 and deposited in the account of Bonifay on April 7, 2003. (Doc. 24). Bonifay also asserts various statutory defenses, specifically those provided by §§§ 547(c)(1), (c)(2), (c)(4), commonly referred to as the "contemporaneous exchange," "ordinary course," and "new value" defenses respectively. Because the Court finds material facts in dispute, the Trustee's motion for summary judgment is DENIED.

Done this 31st day of January, 2005.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: Brent B. Barriere, Attorney for Plaintiff
Collier H. Espy, Jr., Attorney for Bonifay
J. Lester Alexander, III, Trustee
Debtors
Teresa R. Jacobs, Bankruptcy Administrator